# EXHIBIT 2

IN THE DISTRICT COURT IN AND FOR Wagoner COUNTY
STATE OF OKLAHOMA

RICHARD GREEN,
CHERI GREEN.
RICHARD GREEN,
as Next of Kin of Terry
Green, Deceased,
CHERI GREEN,
as Next of Kin of Terry
Green Deceased,
RICHARD GREEN,
as Co-Personal Representative
of Terry Green, Deceased,
CHERI GREEN,
as Co-Personal Representative
of Terry Green Deceased,
Plaintifs,
vs.
MET LIFE INSURANCE COMPANY,
METLIFE GROUP INC.
METLIFE AFFILIATED INSURANCE AGENCY,
AMERICAN AIRLINES INC.
AMR CORPORATION,
AMERICAN AIRLINES GROUP (AAL)
Defendants.

WAGONER COUNTY, OKLA
IN DISTRICT COURT
FILED
2021 MAY 29 PM 2:09
WAGONER COUNTY
JAMES E. HIGHT
COURT CLERK

CJ-2020-141

ATTORNEY'S LIEN CLAIMED

Case Number

## PETITION

COMES NOW Richard Green and Cheri Green, Plaintiffs in the above and entitled matter, by and through their attorneys, Gerald J. Lovoi, Attorney at Law, and Richard Gray, Attorney at Law, and for action against the Defendants would allege and state as follows, to wit:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. Terry Dale Green, of Wagoner, Oklahoma, passed this earth on 6-3-2018, and was an American Airlines Employee.

2. While Empoyed at American Airlines the Deceased, Richard Green, had purchased and paid for a life insurance policy through Met Life Insurance Company. The premiums were paid on a regular basis.

3. Defendant, Met Life Insurance Company, represented itself as a licensed insurer, and sold a life insurance policy to the deceased through his employment with American Airlines, Inc. and AMR Corporation, now American Airlines Group (AAL).

4. On or about the year 1987, Defendants entered into a contract with the deceased, Terry Dale Green, in the years 1987 in which premiums were collected and paid to the Defendants and in which the Defendants promised to the deceased that a valid life insurance policy was in place.

5. ***Richard Green, Cheri Green, Richard Green as Next of Kin of Terry Dale Green, Cheri Green, as Next of Kin of Terry Dale Green, Richard Green as Co-Personal Representative of the Estate of Terry Dale Green and Cheri Green as Co-Personal Representative of the Estate of Terry Dale Green*** are the next of kin and wife and only child of Terry Dale Green. Under the terms of the life insurance policy the Plaintiffs were the only beneficiaries of the said policy of life insurance, and for this reason should be paid the proceeds from the Met Life Insurance Policy.

6. Terry Dale Green passed this earth on 6-03-2018.

7. The deceased, Terry Dale Green, intended the life insurance contract to be for the benefit of his next of kin, Richad Green, Son, and Cherie Green, wife, who are the next of kin of Terry Dale Green, and the contract of life insurance was for the benefit of the designated beneficiaries and the Next of Kin.

8. The deceased, Terry Dale Green, peformed all conditions precedent under the contract with the Defendants, and neither Plaintiffs nor the deceased, by and through his estate, has excused Defendants' failure to perform under the contract.

9. Defendants breached the contract by failing to pay the principal amount of the policy of insurance to the Plaintiffs, ***Richard Green, Cheri Green, Richard Green as Next of Kin of Terry Dale Green, Cheri Green, as Next of Kin of Terry Dale Green, Richard Green as Co-Personal Representative of the Estate of Terry Dale Green and Cheri Green as Co-Personal Representative of the Estate of Terry Dale Green***.

10. At the time of the death of Terry Dale Green Plaintiffs notified Defendant of its breach of the contract and demanded that Defendants provide Plaintiffs with complete and proper payments as the contract required.

11. Defendants refused to pay the proceeds of the insurance benefits to the Plaintiff.

12. Because of Defendant's breach of the contract Plaintiffs have incurred various expenses, including the services of an attorney to pursue this action.

13. Plaintiffs have demanded payment from Defendants for payment of the principal amount of the policy of life insurance, but Defendants refuse to pay Plaintiffs any amount.

14. Accordingly, Plaintiffs demand Judgment against Defendants in the amount of $350,000.00, plus interest and costs, including reasonable attorney's fees.

---

## FIRST CAUSE OF ACTION
### Breach of Contract/Third Party Beneficiary and Conspiracy to Breach Contact

15. The Plaintiff would re-allege the allegations contained within paragraphs 1 through 14 above as if stated fully herein.

16. The Defendants conspired with each other and certain John Does and Jane Does to be named later to deny the Plaintiffs the proceeds and benefits of the insurance policy. The Defendants are obligated to pay the proceeds of the Insurance benefits to the Plaintiffs and have refused to do so.

17. As a result of Defendant's action in breaching and conspiring to breach the contracts the Plaintiffs, *Richard Green, Cheri Green, Richard Green as Next of Kin of Terry Dale Green, Cheri Green, as Next of Kin of Terry Dale Green, Richard Green as Co-Personal Representative of the Estate of Terry Dale Green and Cheri Green as Co-Personal Representative of the Estate of Terry Dale Green*, are entitled to equitable relief in the form of injunctive relief and full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendants as as a result of such actions, including the imposition of a constructive trust over the proceeds of such actions.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty against Met Life Insurance Company.

18. The Plaintiff would re-allege the allegations contained within paragraphs 1 thriought 17 above as if stated fully herein.

19. As a result of Defendants' actions in breaching and conspiring to breach the duties of the Insurance Company's fiduciary duties, the Plaintiffs, **_Richard Green, Cherie Green, Richard Green as Next of Kin of Terry Dale Green, Cherie Green, as Next of Kin of Terry Dale Green, Richard Green as Co-Personal Representative of the Estate of Terry Dale Green and Cherie Green as Co-Personal Representative of the Estate of Terry Dale Green_** are entitled to equitable relief in the form of injunctive relief and full restitution and/or disgorgement of all revenues, earnings, profits with refence to the failed insurance contract.

---

### THIRD CAUSE OF ACTION
### Breach of Findicuay Duty of American Airlines Incorporated and AMR Corporation and American Airlines Group (AAL)

20. The Plaintiff would re-allege the allegations contained within paragraphs 1 through 19 above as if stated fully herein.

21. The Plaintiffs **_Richard Green, Cheri Green, Richard Green as Next of Kin of Terry Dale Green, Cheri Green, as Next of Kin of Terry Dale Green, Richard Green as Co-Personal Representative of the Estate of Terry Dale Green and Cheri Green as Co-Personal Representative of the Estate of Terry Dale Green_**, have no adequate legal remedy for this breach of fiduciary duty in that damages are inadequate to remedy the harm to the sanctity of the insurance company/insured/ beneficiary relationship and the harm that would be caused by the withholding of the proceeds for the insurance policy on the life of Terry Dale Green would be great, and if said sums are not paid the unjust enrichment and the

harm done to the beneficiary cannot be undone. For these reasons disgorgement and payment of the life insurance proceeds to the Plaintiffs is appropriate, and this court should issue an order awarding judgment to the Plaintiffs for the full amount of the life insurance proceeds. American Airlines Incorporated, AMR Corporation and American Airlines Group (AAL) have a fiduciary duty to do this and the Plaintiffs move that the Court issue an order obligating these defendants to honor their fiduciary duty.

### FOURTH CAUSE OF ACTION
### Unjust Enrichment of Met Life Insurance Company and American Airlines and American Airlines Group (AAL)

22. The Plaintiffs would re-allege the allegations contained within paragraphs 1 through 21 above as if stated fully herein.

23. The Plaintiffs, *__Richard Green, Cheri Green, Richard Green as Next of Kin of Terry Dale Green, Cheri Green, as Next of Kin of Terry Dale Green, Richard Green as Co-Personal Representative of the Estate of Terry Dale Green and Cheri Green as Co-Personal Representative of the Estate of Terry Dale Green__*, have no adequate legal remedy for this breach of fiduciary duty in that damages are inadequate to remedy the harm to the sanctity of the insurance company/insured/beneficiary relationship, and the harm that would be caused by the withholding of the proceeds of the insurance policy on the life of Terry Dale Green would be great, and if said sums are not paid the unjust enrichment to the Defendants, and the harm done to the beneficiary cannot be undone. The Defendants, American Airlines and Met Life, AMR Corporation, and the American Airlines Group (AAL) have reaped unjust enrichment from

the above endeavor at the expense and to the detriment of the proper third party beneficiaries, **_Richard Green, Cheri Green, Richard Green as Next of Kin of Terry Dale Green, Cheri Green, as Next of Kin of Terry Dale Green, Richard Green as Co-Personal Representative of the Estate of Terry Dale Green and Cheri Green as Co-Personal Representative of the Estate of Terry Dale Green_**. For these reasons disgorgement and payment of the life insurance proceeds to the Plaintiffs is appropriate, and this court should issue an order awarding judgment to the Plaintiffs for the full amount of the life insurance proceeds.

### FIFTH CAUSE OF ACTION
### Action for Conversion against
### Met Life Insurance Company
### and American Airlines, AMR Corporation and American Airlines Group (AAL)

24. The Plaintiffs would reassert the allegations contained in paragraph 1 through 23 as if stated fully herein.

25. That throughout the terms of his employment with American Airlines the deceased made regular premium payments through all of the Defendants with the expectation that benefits would be paid to his designated beneficiaries, next of kin and heirs at law.. The Plaintiffs are entitled to possession and payment of said insurance benefits upon his death.

8. The Plaintiff hereby is entitled to judgment for the immediate payment of said life insurance proceeds.

WHEREFORE, PREMISES CONSIDERED the Plaintiffs pray that the Court award to them judgment against the Defendants for the proceeds of the Met Life Insurance Policy and a judgment against American Airlines for all resulting damages;

Respectfully Submitted

_____
GERALD J. LOVOI
ATTORNEY AT LAW
616 South Boston #403
Tulsa, Oklahoma 74119
918-622-0031
OBA #12137