**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD GREEN, individually, as next of kin of Terry Green, and as co-personal Representative of Terry Green, deceased; CHERI GREEN, individually, as next of kin of Terry Green, and as co-personal representative of Terry Green, deceased, <br><br>  Plaintiffs, <br><br> v. <br><br> MET LIFE INSURANCE COMPANY; METLIFE GROUP INC.; METLIFE AFFILIATED INSURANCE AGENCY; AMERICAN AIRLINES INC.; AMR CORPORATION; and AMERICAN AIRLINES GROUP (AAL), <br><br>  Defendants. | Case No. CIV-21-089-RAW |

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on a review for Plaintiffs' compliance with this Court's Order to Show Cause entered July 28, 2021. Because Plaintiffs dismissed the only served Defendants in this action and has not prosecuted or participated in this case further, consents to the jurisdiction of the undersigned United States Magistrate Judge could not be obtained. As a result, this case was reassigned to a United States District Judge and the undersigned offers these Findings and Recommendation concerning Plaintiffs' conduct in this action.

Plaintiffs initiated this case in the District Court in and for Wagoner County, Oklahoma on May 29, 2020 whereupon it was subsequently removed to this Court by Defendants MetLife Insurance Company, MetLife Group, Inc., and MetLife Affiliated Insurance Agency ("MetLife Defendants"). On April 26, 2021, Plaintiffs filed a Notice of Dismissal of the MetLife Defendants. Because Defendants American Airlines, Inc., AMR Corporation, and American Airlines Group (AAL) ("American Defendants") were not served and had not appeared in the action but remained named Defendants, this Court set and conducted a telephonic Scheduling Conference with Plaintiffs' counsel on June 29, 2021. Counsel informed this Court that it was his intent to dismiss the American Defendants. On the same date, this Court entered a minute order directing Plaintiffs' counsel to file a Notice of Dismissal of the action by July 7, 2021. He did not do so.

As a result, on July 28, 2021, this Court entered a minute order directing Plaintiffs to either file a Notice of Dismissal of this case or appear and show cause in a telephonic hearing to be conducted on August 6, 2021 at 11:00 a.m. as to why he had not filed the dismissal. On August 6, 2021, this Court attempted to contact Plaintiffs' counsel but he could not be reached by telephone at the appointed time.

The record of this case reveals that Plaintiffs failed to

serve the American Defendants within 90 days after the commencement of this case in violation of Fed. R. Civ. P. 4(m) and, therefore, dismissal is mandated.  Moreover, Plaintiffs failed to comply with this Court's Order to either dismiss the case or have their counsel appear and show case at the designated date and time.  Accordingly, Plaintiffs have failed to prosecute this action and failed to comply with this Court's Order.  "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009) quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).  When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Id. quoting Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007).  Since service has not be obtained and Plaintiffs have failed to prosecute this case, this Court would recommend that the case be dismissed without prejudice.

    IT IS THE RECOMMENDATION OF THE UNDERSIGNED that this action be **DISMISSED WITHOUT PREJUDICE** to refiling based upon Plaintiffs' failure to timely serve the American Defendants, the failure to prosecute the case, and the failure to comply with this Court's Order.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ORDERED this 12th day of August, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE